IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CHRIS TOLAR, individually and as representative of all persons similarly situated, | § § § | CIVIL ACTION NO.: 3:09-cv-436 |
| Plaintiff | § § | |
| vs. | § § | |
| ALLSTATE TEXAS LLOYD'S COMPANY, | § § § | |
| Defendant. | § § | |

## APPENDIX TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Defendant Allstate Texas Lloyd's ("Allstate") files this Appendix to its Reply in Support of Its Motion for Summary Judgment and attaches the following exhibit:

| **EXHIBIT** | **DESCRIPTION** | **APP. PAGE** |
|---|---|---|
| 1. | Affidavit of Caroline Scott | 87-88 |

Respectfully submitted,

/s/ Bradford K. Burdette
Roger D. Higgins
State Bar No. 09601500
Bradford K. Burdette
State Bar No. 003364700

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

Of Counsel:

Mark L. Hanover
Leslie D. Davis
Sonnenschein Nath & Rosenthal, LLP
7800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
**ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been forwarded to counsel using the CM/ECF system on June 16, 2010.

B. William Bailey
LAW OFFICES OF BILL BAILEY, P.L.L.C.
101 W. Renner Road, Suite 220
Richardson, Texas 75082
bbailey@bbaileylaw.com

/s/Bradford K. Burdette
Bradford K. Burdette

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRIS TOLAR, individually and as Representative of all persons similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| ) | CIVIL ACTION NO. 3:09-CV-436 |
| vs. ) ) | |
| ALLSTATE TEXAS LLOYDS COMPANY, ) ) | |
| Defendant. ) | |

### AFFIDAVIT OF CAROLINE SCOTT

STATE OF TEXAS §
§
COUNTY OF TRAVIS §

BEFORE ME, the undersigned authority, on this day personally appeared Caroline Scott, who, after being duly sworn by me, deposed and stated the following:

1. My name is Caroline Scott. I am over the age of eighteen (18) years, have never been convicted of a felony, and am otherwise fully competent to make this Affidavit. I have personal knowledge of all facts stated herein, which are true and correct.

2. I have twenty-two years of experience in insurance regulation, including twelve years as an insurance regulator and ten years in private practice focusing solely on insurance issues. Over the years, I have developed an expertise in understanding the history and rationale behind insurance regulatory policy.

3. I was employed by the Texas Department of Insurance ("TDI") from 1992-1998. At the TDI, I was Associate Commissioner and Director of the Insurance Fraud Unit from 1992-1993 and General Counsel from 1996-1998. I also served as the Department's liaison to the National Association of Insurance Commissioners from 1994 to 1998.

4. In the course of my work at the TDI, I was responsible for the development of insurance policy on hundreds of issues, including the depreciation of General Contractors Overhead and Profit and sales tax as well as many other aspects of homeowner's insurance. In addition, during my tenure as TDI General Counsel from 1996-1998, I reviewed and participated in the development of all rules and bulletins issued by the TDI.

5. I have reviewed the issue of the handling of payment of Actual Cash Value in the context of the *Tolar v. Allstate Texas Lloyd's* case. It is my understanding that Allstate Texas

Lloyd's position that it is proper to depreciate General Contractors Overhead and Profit and sales tax when making an Actual Cash Value settlement payment is consistent with Texas law.

6. I am very familiar with TDI bulletins B-0045-98 and B-0068-08 and the TDI's intention in issuing the bulletins. TDI bulletins B-0045-98 and B-0068-08 do not require the insurer to include the full amount of General Contractors Overhead and Profit and sales tax when paying Actual Cash Value. It is consistent with those bulletins, and with the replacement cost endorsement policy language at issue, to depreciate General Contractors Overhead and Profit and sales tax in the same manner as other expenses.

7. Depreciating General Contractors Overhead and Profit and sales tax in an Actual Cash Value settlement payment is not an unfair claims settlement practice under Texas law.

8. Based upon the facts provided, Allstate Texas Lloyd's is not deducting General Contractors Overhead and Profit and sales tax from Actual Cash Value; it is merely depreciating those expense items as permitted.

9. If the insured does in fact complete repairs, the policyholder is then entitled to Replacement Cost Value including full General Contractors Overhead and Profit and sales tax. Under this type of policy, the policyholder should not be paid Replacement Cash Value unless actual repairs are completed.

10. All of the information and opinions contained in this Affidavit are based solely on my work experience and expertise in insurance regulation.

Further Affiant sayeth not.

_Caroline Scott_
Caroline Scott

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 15th day of June, 2010.

[SEAL]

_Lou Ann Spellmann_
Notary Public, State of Texas

Lou Ann Spellmann
My Commission Expires
11/04/2013